UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MARK MATHIAS,

    Petitioner,

v.

R.L. MORRISON, Warden,

    Respondent.

Civil No. 06-2114 (RHK/JSM)

**REPORT AND RECOMMENDATION**

JANIE S. MAYERON, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge of the District Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that the Bureau of Prisons ("BOP") has wrongly determined the date when he should be transferred from prison to a Residential Reentry Center (RRC)[1], and that the BOP should be required to grant him consideration for additional halfway house and home confinement time according to 18 U.S.C. § 3621(b) and without regard to 28 C.F.R. §§ 570.20 and 570.21. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court concludes that this Petition should be denied as moot.

I. **BACKGROUND**

Petitioner is currently incarcerated in the Duluth Federal Prison Camp in Duluth, Minnesota. He is serving a 15-month sentence to be followed by three years of

---

[1] Until recently, RRCs were known as Community Corrections Centers (CCCs) and commonly referred to as halfway houses.

supervised release for a conviction of Maintaining a Drug-Involved Premise. Gov't Resp. at 1. His projected release date is April 12, 2007. Id. at 5. His original RRC assessment entitled him to 38 days of RRC placement. Id. Petitioner contends that the RRC placement policy, which categorically limited a prisoner's eligibility for pre-release RRC placement to the last ten percent of his sentence and not to exceed 6 months, fails to consider his individual circumstances as required by 18 U.S.C. § 3621(b). Petitioner requests the Court order the BOP to grant him consideration for additional halfway house or home confinement pursuant to § 3621(b), and without limitation and without regard to any six-month maximum. Pet's Reply at 1.

Respondent has filed a response to the Petition stating that it has changed its policy regarding RRC placement, that it has reconsidered the Petitioner's RRC placement based on the factors listed in 18 U.S.C. § 3621(b), and that Petitioner is now eligible for 45 to 90 days of RRC placement. Gov't Resp. at 5.

## II.   DISCUSSION

At issue in this case, is the propriety of regulations enacted by the BOP to address the transfer of inmates to RRCs or home confinement prior to release from custody from prison.

18 U.S.C. § 3624(c) states:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last ten per centum of the term to be served under conditions that will afford the Prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

18 U.S.C. § 3621(b) directs the BOP to consider the following factors in determining whether to place an inmate in a RRC or in home confinement:

2

1) the resources of the facility contemplated;
2) the nature and circumstances of the offense;
3) the history and characteristics of the prisoner;
4) any statement by the court that imposed the sentence –
   A. concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
   B. recommending a type of penal or corrections facility as appropriate; and
5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28.

On February 14, 2005, the BOP adopted 28 C.F.R. §§ 570.20 and .21, which categorically limited an inmate's eligibility for pre-release to community confinement during the last ten percent of the prison sentence being served, not to exceed six months.

On April 6, 2006, the Eighth Circuit declared §§ 570.20 and 570.21 invalid and in conflict with 28 U.S.C. § 3621(b). Fults v. Sanders, 442 F.3d 1088, 1092 (8th Cir. 2006). The Eighth Circuit held that the BOP may not categorically determine the amount of time that a prisoner will be allowed to spend in community confinement, but in order to comply with 28 U.S.C. § 3621(b), must instead exercise its discretion on a case-by-case basis and consider the particular circumstances of the individual prisoner.

In light of the Fults decision, the BOP has acknowledged that it has changed its position in the Eighth Circuit. Gov't Resp. at 2. In this regard, the Government has asserted that the BOP no longer follows §§ 570.20 and 570.21, and instead adheres to the BOP's pre-2002 guidelines, as set forth in Program Statement 7310.04, *Community Corrections Center (CCC) Utilization and Transfer Procedures*, December 16, 1998. Id. According to the Government, Program Statement 7310.04 allows for direct commitment to a RRC and does not limit RRC placement to six months or ten percent of the sentence, whichever is less. Id. Instead, Program Statement 7310.04 bases the

RRC determination on a number of individualized factors and allows for RRC placement for more than six months, although such cases will be "highly unusual" and require extraordinary justification. Id., citing to Program Statement 7310.04 at 8. Accordingly, the Government has stated that the BOP will consider prisoners for placement in an RRC, consistent with § 3621(b), upon their initial placement in confinement and again approximately 11 to 13 months before an inmate's projected release date. Id. at 3 citing to Program Statement 7310.04 at 7.

As a result of the changes made by the BOP to its policy, the Government has stated that to the extent that it seeks BOP reconsideration of the date on which the Petitioner should be assigned to an RRC without regard to §§ 570.20 and 570.21, the Petition is moot. Gov't Resp. at 5. The Government has represented that the BOP has already reconsidered Petitioner's date of transfer to a RRC under the pre-2002 policy, and that in light of the criteria set forth in § 3621(b), the BOP has recommended 45 to 90 days of RRC, rather than the 38 days previously recommended under §§ 570.20 and .21.[2] Gov't Resp. at 5.

In reply to the Government's response, Petitioner claims that Program Statement 7310.04 does not require the BOP to consider the individualized assessment contemplated by § 3621(b), and that while Elwood v. Jeter, 386 F. 3d 842 (8th Cir. 2004) held that the BOP was permitted to release an inmate to a halfway house at anytime during his sentence, the staff at Duluth Federal Prison Camp continue to apply a grid that arbitrarily assigns the amount of halfway house time based on the length of

---

[2] The Government has also advanced an argument that the Petition should be denied because Petitioner has failed to exhaust his administrative remedies. Even if this were so, in light of the fact that the BOP has already reconsidered the date of Petitioner's transfer to a RRC, the argument is moot and the Court declines to address it.

sentence. Pet.'s Reply at 2. In addition, Petitioner contends the BOP is not following Program Statement 7310.04 because even though the prison staff may recommend halfway house time, they fail to confirm the date with the Community Corrections Manager (CCM) or the halfway house which results in a failure to award any halfway house time at all. Id. Petitioner requests consideration for an RRC placement based solely on § 3621.

Based on the record before this Court and this Court's review of Program Statement 7310.04, the Court finds that Petitioner has already obtained from the BOP the relief he sought by way of his Petition and that Program Statement 7310.04 is consistent with the mandates of 18 U.S.C. § 3621(b). First, Program Statement 7310.04 directs the BOP to make RRC recommendations "based on assessments of inmate needs for services, public safety, and the necessity of the Bureau to manage its inmate population responsibly." Program Statement 7310.04 at 7. Second, it states that a number of factors must be weighed in determining the length of RRC placement including, "their individual needs and existing community resources". Id. Third, the Statement provides that the BOP "may place an inmate in a [RRC] for more than the 'last ten per centum of the term,' or more than six months if appropriate." [3] Id. at 4. It also states that although placement beyond 180 days is highly unusual, it is possible with 'extraordinary justification". Id. at 8. Fourth, the Government has stated that it has already re-evaluated Petitioner's situation and has made a new recommendation based on the factors listed in § 3621(b), and that as a result, this reevaluation will increase the time he will spend in an RRC to 45 to 90 days. Therefore, this Court concludes that

---

[3]   However, it should be noted that Program Statement 7310.04 restricts placement in home confinement to the last six months or 10% of the sentence, whichever is less.

5

Program Statement 7310.04 and the BOP's determination for RRC placement for Petitioner is not only consistent with 18 U.S.C. § 3621(b), but was made without regard to 28 C.F.R. §§ 570.20 and .21.

Finally, as to Petitioner's claim that the BOP is not following Program Statement 7310.04 because the BOP fails to confirm the recommended date for RRC placement with the CCM or the halfway house which results in a failure to award any halfway house time, this Court finds that this claim is without merit. Petitioner does not allege that the BOP has failed to confirm the date of <u>his</u> RRC placement; he only alleges that the BOP, in general, fails to confirm RRC placement with the CCM or halfway house. The Petitioner lacks standing to make such a claim because he has suffered no injury in fact which this Court can address. <u>See</u>, <u>Lujan v. Wildlife Defender</u>, 504 U.S. 555 (1992). BOP regulations require that the CCM receive a completed referral packet at least 60 days prior to the RRC placement date and that the CCM shall immediate forward the referral to appropriate RRCs. <u>See</u>, Program Statement 7310.04 at 13-14. Because the Petitioner's projected RRC placement date is not until January 2007 at the earliest, he currently has no standing to allege that the BOP will fail to complete a process that is not scheduled to commence for several more months.

Given the BOP's current policy and determinations with respect to the Petitioner, this Court concludes that his § 2241 Petition is moot. Therefore, the Court recommends that the Petition be denied as moot.

### III.     RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

The Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be DENIED as moot. Petitioner has obtained the relief he sought in commencing this proceeding. Petitioner's assignment to an RRC has been considered in light of the criteria set forth in 18 U.S.C. § 3621(b) and without regard to 28 C.F.R. §§ 570.20 and .21.


Dated:  October 26, 2006


*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 13, 2006** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.